**NAGLE, Commissioner of Immigration for Port of San Francisco, Cal., v. NAOICHI MISHO.**

Circuit Court of Appeals, Ninth Circuit.
June 24, 1929.

No. 5772.

George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Stephen M. White, of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. On habeas corpus, the District Court ordered Naoichi Misho, the appellee, a Japanese citizen, released from the custody of the immigration officers, by whom he was detained under an order of deportation. The Commissioner of Immigration for the San Francisco district appeals from that order.

The appellee alleged in his petition that he originally entered the United States in 1919 and remained therein continuously thereafter until June 22, 1928, when he shipped as a steerage waiter on the President Grant, a vessel of American registry, under a contract which provided for his discharge at Kobe, Japan. It is alleged that his shipping was under a contract which provided for his return upon another vessel of the same line, the Robert Dollar Steamship Company, as follows:

"June 21, 1928.

"Capt. M. M. Jensen, Pres. Grant, Dear Sir: This will be your authority to sign on your articles, Naoichi Misho, Japanese waiter. You will discharge this man at Kobe.

"His compensation will be at the rate of $45.00 per month. He is to be returned from Kobe on the first east bound Dollar Liner at a minimum stipend to be discharged at San Francisco.

"Yours very truly, W. E. Ashman."

He was paid off and discharged at Kobe, Japan, about July 8, 1928, and after 26 days he reshipped upon the President Jackson, a vessel of the same line, as a crewman, and his return voyage was at the expense of the steamship company, all, as he alleges, in accordance with the original contract evidenced by the above-quoted letter. On reaching San Francisco he was detained by the immigration authorities, and after hearing by a Board of Special Inquiry it was determined that he was not entitled to enter the United States for the following reasons:

"1. That he was an alien who was not in possession of an immigration visa or a return certificate as provided for by the Immigration Act of 1924.

"2. That he has not sustained the burden of proof as required by section 23 of the Immigration Act of 1924 [8 USCA § 221].

"But, that it was, also, found by the said Board of Special Inquiry that each and all of the facts and circumstances, as hereinbefore specified, relating to and incident to his return to the United States from Japan on the 19th day of September, 1928, were true."

An appeal was taken by appellee to the Secretary of Labor, and the decision of the Special Board was sustained and appellee ordered deported.

The appellee's first claim is that he was not required to secure a return certificate or immigration visa because he was entitled to enter under the ruling of this court in Weedin v. Okada, 2 F.(2d) 321, where it is held that a seaman who ships upon an American vessel for a round trip is entitled to reenter the United States upon the return of the ship. That decision was in part predicated upon the conflict between the laws requiring the master of a vessel to return his crew to this country and prohibiting him from leaving them in a foreign country, and the laws with reference to immigration, which, strictly construed, would prohibit him from returning them to, or landing them in, the United States. No such difficulty is presented here, for the shipping articles and the letter specifically provided for a discharge in Kobe, Japan. The above-quoted letter constituted no more than an offer to reship the appellee on another vessel belonging to the company if he presented himself for that purpose and signed shipping articles with the master thereof for the return voyage. The parties hereto have not discussed the nature or scope of shipping articles or the authority for shipping seamen under legislation pertaining thereto, and for that reason we do not discuss that subject, but content ourselves with the observation that the matter is quite fully covered by federal legislation. See 46 USCA, chapter 18, §§ 541 to 713, particularly sections 564, 567, 568, 572, and 573. We are not here confronted with a conflict between two provisions of law, nor with the necessity of harmonizing their apparent conflict. The master of the President Grant was not only within his legal rights in discharging the appellee at Kobe, Japan, but was under legal obligation to do so under the shipping articles.

The appellee is of a class excluded from

admission into the United States under the provisions of section 136, subdivision (n), 8 USCA. The only exception which might be applicable to the appellee is that contained in section 136, subdivision (p), 8 USCA:

"(p) Aliens returning to unrelinquished domicile. Aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted in the discretion of the Secretary of Labor, and under such conditions as he may prescribe."

With this exception so far as appellee is concerned he is confronted with the same prohibition upon his re-entry as he would have been had he presented himself for entry for the first time. In Lapina v. Williams, 232 U. S. 78, 91, 34 S. Ct. 196, 200 (58 L. Ed. 515), this proposition was thus stated: "Upon a review of the whole matter, we are satisfied that Congress, in the act of 1903 [32 Stat. 1213] sufficiently expressed, and in the act of 1907 [34 Stat. 898] reiterated, the purpose of applying its prohibition against the admission of aliens, and its mandate for their deportation, to all aliens whose history, condition or characteristics brought them within the descriptive clauses, irrespective of any qualification arising out of a previous residence or domicile in this country."

Apparently the appellee comes within the class which "may be admitted in the discretion of the Secretary of Labor, and under such conditions as he may prescribe." In this case the Secretary of Labor, instead of exercising his discretion in favor of the appellee, has denied him admission and ordered his deportation, certifying as ground for such deportation the failure of the appellee to have and obtain a re-entry permit as provided for in section 210, subdivision (a), 8 USCA. This section provides that:

"Any alien about to depart temporarily from the United States may make application to the Commissioner General for a permit to reenter the United States, stating the length of his intended absence, and the reasons therefor. * * *

"(b) If the Commissioner General finds that the alien has been legally admitted to the United States, and that the application is made in good faith, he shall, with the approval of the Secretary of Labor, issue the permit, specifying therein the length of time, not exceeding one year, during which it shall be valid. * * *

"(f) Effect of permit on rights of alien. A permit issued under this section shall have no effect under the immigration laws, except to show that the alien to whom it is issued is returning from a temporary visit abroad; but nothing in this section shall be construed as making such permit the exclusive means of establishing that the alien is so returning."

The appellee claims that he is not required to secure such a permit for the reason that he does not come within the class therein specified as an "alien about to depart temporarily from the United States," and that he is not seeking to re-enter the United States after an intended absence of a specified duration. In support of this contention he cites Weedin v. Okada, supra. This contention, however, even if sustained, does not meet the difficulty which confronts the appellee. He is expressly excluded from admission to the United States by the provisions of the section especially applicable to the appellee (8 USCA § 136, subdivision (n):

" * * * and no alien now in any way excluded from or prevented from entering the United States, shall be admitted to the United States."

The rules promulgated by the Secretary of Labor provide as follows:

Rule 3, subdivision F, paragraph 1: "No immigrant, whether a quota immigrant or non-quota immigrant, of any nationality shall be admitted to the United States unless such immigrant shall present to the proper immigration official, at the port of arrival, an immigration visa duly issued and authenticated by an American consular officer: provided, that (a) aliens who have been previously lawfully admitted to the United States and who are returning from a temporary visit of not more than six months to Canada, Newfoundland, Bermuda, St. Pierre, Miquelon, Mexico, and islands included in the Bahama and Greater Antilles groups, or such aliens who are returning from a temporary visit to any other foreign country and who are in possession of a permit to reenter the United States issued in accordance with the provisions of § 10 of the immigration act of 1924, and

"(b) children born subsequent to the issuance of an immigration visa to the accompanying parent, if otherwise admissible, shall be permitted to enter the United States without an immigration visa.

"Par. 2. No alien shall be admitted to the United States as a non-immigrant unless such alien shall present to the proper immigration official, at the port of arrival, a passport or official document in the nature of a passport issued by the government of the country to which he owes allegiance and duly visaed and authenticated by an American consular officer. * * * *"

It is clear from the foregoing that if the appellee is entitled to admission at all, it is by reason of the exception in his favor contained in section 136, subdivision (p), 8 USCA, but his right under that subdivision is at most subject to the discretion of the Secretary of Labor. That discretion is exercised first by promulgating rule 3, subdivision F, which prohibits the return of an alien from a temporary visit to a foreign country unless he has a permit issued under section 210, 8 USCA, or, in accordance with paragraph 2, a duly visaed and authenticated passport. These rules would prohibit the entry of appellee. In addition, the Secretary of Labor has directed his deportation, thus effectively exercising his discretion. It is unnecessary for us to determine in this matter what the rights of the appellee to admission would have been had he applied for and received a return certificate or permit as provided in section 210, 8 USCA. It is sufficient for the purposes of this decision to hold that the appellee's only right to re-enter the United States is based upon section 136, subdivision (p), 8 USCA. This provision does not give appellee the right of readmission, but makes his admission subject to the discretion of the Secretary of Labor. If the discretionary power of the Secretary of Labor is invalid, as claimed by appellee, as a delegation of legislative power, then appellee is confronted with the statutory prohibition against his entry unalleviated by the discretionary proviso.

Judgment reversed, and prisoner remanded to the custody of appellant.